UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-60857-CIV-WILLIAMS

PATH MEDICAL, LLC,

    Plaintiff,

vs.

GEICO GEN. INS. CO.,

    Defendant.
_____/

## ORDER REMANDING CASE

**THIS MATTER** is before the Court on Plaintiff's motion to remand (DE 15) and a *sua sponte* review of the record. For the reasons set forth below, this case must be remanded to the Seventeenth Judicial Circuit Court in and for Broward County, Florida, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

On April 17, 2018, Defendant removed this action from the County Court of Broward County on the basis of diversity jurisdiction. (DE 1). Plaintiff alleges that Defendant issued an insurance policy to Indra Ramnawal, who was involved in a motor vehicle accident and obtained medical treatment from Plaintiff. Plaintiff claims that Defendant failed to pay for the medical treatment and, thus, Plaintiff filed an action in state court for breach of contract, declaratory relief, and statutory bad faith. (DE 1-3).

A defendant may remove an action to federal court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over any action where the amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C. § 1332. "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Further,

"[r]emoval statutes are narrowly construed." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Federal courts are courts of limited jurisdiction" and "any uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Here, Plaintiff's state court complaint specifically alleges that the "amount presently at issue is great than One-Hundred Dollars ($100.00) but does not exceed Five Thousand Dollars ($5,000.00)." (DE 1-3, at 4). Thus, upon the face of the complaint, the jurisdictional amount is not satisfied. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) ("[A] court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). The Court has also reviewed Defendant's notice of removal, in which Defendant argues that "Plaintiff did not plead a specific amount in controversy" and that the Court should consider attorneys' fees and punitive damages to calculate the amount in controversy. Defendant also argues that Plaintiff's request for a "declaratory judgment has a value that is significantly more than the $75,000 threshold" because it relates to another case filed by Defendant against Plaintiff in the Middle District of Florida with $15,000,000 at issue based on Defendant's allegations of fraud against Plaintiff.[1] Because another pending action has

---

[1] As several other courts in this District have found, the matter pending in the Middle District of Florida is entirely different from the current case, which involves one individual's claim for coverage. Thus, Defendant's argument that facts relating to a case in the Middle District of Florida serve to satisfy the amount in controversy in the present case is unconvincing. *See, e.g., Path Medical, LLC v. GEICO Gen. Ins. Co.*, No. 18-60868-Civ-Scola (May 10, 2018) (remanding similar case to state court); *Path Medical, LLC v. GEICO Gen. Ins. Co.*, No. 18-60820-CIV-DIMITROULEAS (April 27, 2018) (remanding similar case to state court); *Path Medical, LLC v. GEICO Gen. Ins. Co.*, No. 18-60821-CIV-DIMITROULEAS (April 27, 2018) (remanding similar case to state court); *Path Medical, LLC v. GEICO Gen. Ins. Co.*, No. 18-cv-60850-UU (April 23, 2018) (remanding

no effect when calculating the amount in controversy for the present case, Defendant has not met its burden of proving that the amount in controversy is satisfied in this case and, thus, that the Court has subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's motion to remand (DE 15) is **GRANTED** and this action is **REMANDED** to the Seventeenth Judicial Circuit Court in and for Broward County. All pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 16th day of May, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

similar case to state court); *Path Medical, LLC v. GEICO Gen. Ins. Co.*, No. 18-cv-60872-BLOOM (April 24, 2018) (remanding similar case to state court).